BRANCH, SONS & COMPANY *vs.* KNAPP *et al.*

1. The complainants' bill was properly dismissed at the hearing, on motion, for the want of equity.
2. As to the unpaid stock, there was no equity in the bill, because,

first, the assignment by the corporation, made in 1866, and the surrender of the charter, accepted in 1869, passed the legal title to the assignees, and thus the right to sue, and the duty of suing for said unpaid stock, devolved upon the assignees as a part of their trust; secondly, the complainants, as parties to the bill filed in 1870 by the assignees against the creditors of the bank, for direction in administering the trust, had their day in court, and should, in that proceeding, have required the assignees to account for all the assets embraced in the assignment; thirdly, the assignees were discharged from their trust as having fully executed the same, in 1873, the complainants, so far as appears, not objecting thereto; fourthly, no request by the complainants appears to have been made of the assignees, whilst they were in office, to collect in this unpaid stock; and, fifthly, no excuse is rendered in the bill for not requiring the assignees to collect, or for not compelling them, before their discharge, to answer for the omission to collect.   The complainants, when before the appropriate tribunal, neglected to avail themselves of the appropriate occasion and means to bring in the fund which they seek to reach now, after the whole subject matter of the trust has been closed under the direction and superintendence of the court of equity that had jurisdiction of the parties and of the entire subject matter.   To these reasons may be added, that after an assignment, which was prompted by the shareholders and induced by the admitted insolvency of the corporation, the unpaid stock became payable to the assignees, without further call upon or notice to the shareholders, and that the statute of limitations began to run in their favor against the assignees as soon as the surrender of the charter was accepted by the legislature.   Thus, a suit by the assignees after six years from that time would have been too late; and as the assignees were barred when the present bill was filed, April 14th, 1877, their *cestuis que trust*, the complainants in the bill, were barred also.

3. As to the ultimate liability of the shareholders to redeem the bills of the bank according to the provisions of the charter, there was no equity in the bill, because the complainants do not proceed in this case upon the bills of the bank, but upon the alleged decree rendered in 1871 in their favor upon the bill filed against them and other creditors, in 1870, by the assignees.   The ultimate liability of the shareholders, as fixed by the charter of the Planters' Bank of the State of Georgia, does not attach to a decree or judgment against the corporation or its assignees, but to the bank-bills themselves; and when said liability is sought to be enforced, the bills must be set out or described, notwithstanding a prior judgment or decree for their payment may have been rendered against the corporation or its assignees.   Their alleged destruction by a person or by persons unknown to the complainants, if intended as an excuse for not

pleading them, cannot be recognized as such, there being no attempt to describe them as far as practicable, and no suggestion that the means of a substantial description are wanting. In the absence of description and of excuse for omitting it, the complainants' bill should be construed, not as a suit upon the bank-bills, but upon the alleged decree of 1871; and so construed, the ultimate liability of the shareholders is no basis for a decree against the defendants as shareholders, conceding all the charges of the bill to be true

4. Where a judgment dismissing a bill for want of equity is under review on writ of error, this court, on request of counsel made in argument, will not direct as part of the judgment of affirmance, that the complainants have leave to reinstate and amend, unless the amendment proposed would make a case for relief beyond all reasonable doubt; nor even then, if there has been apparently needless delay in bringing the bill.

Equity. Banks. Stockholders. Statute of limitations. *Res adjudicata.* Assignment. Practice in the Supreme Court. Before Ju₁ge TOMPKINS. Chatham Superior Court. May Term, 1878.

On the 2d day of April, 1870, George W. Anderson and Hugh W. Mercer, assignees of the Planters' Bank of the State of Georgia, filed their bill in Chatham superior court against a number of persons, including Branch, Sons & Co., the plaintiffs in error, represented to be creditors of said bank, in which they alleged, in substance, as follows: That the president and cashier of the bank, under instructions from the stockholders, given because the bank was insolvent, had made a deed of assignment to them on July 9th, 1866, (a copy of which was attached) conveying to them all the property and assets of the corporation of every description, in trust, and with power to demand, receive and collect the same, and to distribute them among its creditors equally.

That the bank had surrendered its charter, and that the surrender had been accepted by the legislature, by resolution approved March 18, 1869; that they, the said assignees, had proceeded to collect and convert the said assets; and had paid a dividend of 20 per cent. to creditors

who had presented their claims under a notice published by the assignees.

The bill prayed for instructions as to the distribution of the balance of the fund in various particulars, especially as to the rights of persons holding bills which had not been presented before January 1, 1870, it being alleged that all of the outstanding bills on which the bank was indebted had been issued before June 1, 1865.

Branch, Sons & Co. having participated in the dividend of 20 per cent. above mentioned, and being parties to the bill, came forward as bill-holders, in response to the bill, and made their claim, and such proceedings were had that on July 14, 1871, a verdict and decree were rendered in which it was adjudged, among other things, that the assignees, after having converted all the assets, and made certain payments which were ratified by the decree, had in their hands a certain sum of money, and they were directed to distribute this sum according to instructions set forth in the decree, especially to certain holders of bills of the bank, including Branch, Sons & Co., allowance being made for what they had previously received.

Neither the bank itself nor the stockholders were parties to the cause. The assignees set forth in their bill a list of the persons assumed to be creditors upon bills, which appears to have been accepted as correct without inquiry, and distribution was made accordingly.

Branch, Sons & Co., being parties to the cause as above stated, came forward with their bills as parties, and received their portion of the fund distributed by the decree. And the whole fund having been paid out, the assignees were finally discharged from their trust on June 30, 1873.

On April 14, 1877, Branch, Sons & Co. filed, in the same court, the bill now to be considered. In it they set forth the history of the cause above mentioned, and refer in terms to the record of it, making it a part of their bill, but praying to be excused from attaching it as an exhibit on account of its length. Then, acknowledging that as parties to that

cause, they had shared in the distribution directed by the decree, they say there is still unpaid of the bills held by them $26,651.73, which they seek to recover of the defendants, with interest from July 14, 1871, the date of the decree in the former cause directing distribution. They say that these defendants were indebted to the bank at the time of the assignment, each in a certain sum of money for unpaid subscription for stock; and that these debts were assets which the assignees did not collect. That by the charter of the bank its stockholders are bound to redeem its bills in proportion to its stock, etc.; that there is a very large amount of its bills unpaid, including their claim; that the stock of the bank consisted of 10,000 shares of the par value of $100.00 each, of which each of these defendants held a cer tain number. They say that the bills held by them were issued while these defendants held stock, but they do not describe the bills in any manner whatsoever; that they were destroyed after the decree on the assignees' bill, by some persons unknown to them, and they rely on that decree as a judgment in their favor against the bank on bills. The relief they pray for is a decree against the defendants for their said alleged unpaid subscriptions for stock, and also for the amount of their respective obligations to redeem the bills of the bank to satisfy the aforesaid claim.

The provision of the charter of the bank in reference to the individual liability of the stockholders was as follows:

"The persons and property of stockholders for the time being, in said Planters' Bank, shall be pledged and bound in proportion to the amount of the shares that each individual, or company, may hold in said bank, for the ultimate redemption of the bills or notes issued by or from said bank, during the time he, she or they may hold such stock, in the same manner as in ordinary commercial cases, or simple cases of debt." Act of Dec. 5th, 1859.

At the trial term the defendants moved to dismiss the bill for want of equity. The motion was sustained and complainants excepted.

W. W. Montgomery, for plaintiffs in error, argued as follows: Unnecessary for creditor to obtain judgments against bank before they can file bill to subject equitable assets. 5 Otto, 628; 8 *Ga.*, 486–504; 7 *Ib.*, 457, 460; 56 *Ib.*, 191; 58 *Ib.*, 541; Code, §§1676, 3367; 10 *Ga.*, 171; 11 *Ib.*, 497–518; 19 *Ib.*, 328–345; 52 *Ib.*, 310; Code, §§3371-3373. Equity has jurisdiction over both classes of liability, 8 Cow., 387–396; 4 Dana, 574; 8 Cush., 93; 23 Pick., 112. Liability not barred, Morse on Bank., 433–435; Cons. Conv. 1865, pam., pp. 234–238. Unpaid stock is trust fund for creditors, acts of 1855–6, p. 226; Code, §§1688, 2916; 2 Story's Eq., 1252; 45 *Ga.*, 478; 49 *Ib.*, 424; 56 *Ib.*, 526. Dissolution from any cause not affect collateral liability of stockholder, Code, §§1686, 1689. McNish decree is tantamount to judgment against bank, 11 *Ga.*, 514; Morse on Bank., 534–5; 18 *Ga.*, 444; 16 *Ib.*, 217; 20 John., 669-684. This is not a bill of review, Story's Eq. Pl'gs., §§404-412. Complainants not guilty of laches, Code, §§1688, 1946, 2916, 2924, 3367; 19 *Ga.*, 345; 10 Paige, 290. McNish decree does not estop, 53 *Ga.*, 633; Big. on Est., 38-46, 114, 115, 197. Should be allowed to conform to views of court by amendment, 57 *Ga.*, 95.

Jackson, Lawton & Basinger; Hartridge & Chisholm, for defendants, cited, on time when motion to dismiss may be made, 27 *Ga.*, 352; 55 *Ib.*, 431; *Kinnebrew vs. McWhorter*, Aug. 27, 1878; *Findley vs. McBurnetts*, Nov. 19, 1878. Complainants not judgment creditors of bank, 5 Otto, 628–637. *Res adjudicata*, 58 *Ga.*, 293–4. Proceeding cannot be sustained as a bill of review, Story's Eq. Pl'gs, 404–418; 3 Dan. Ch. Pr., 1727–8; Code, §2919. Have not stated case to enforce individual liability of stockholders, 16 *Ga.*, 217, 123–4. Proceeding barred, 1 Woods, 463–9; 58 *Ga.*, 541. Laches bars, 7 *Ga.*, 573–580; 12 *Ib.*, 61; 1 How., 161; 1 Story's Eq., §529.

Bleckley, Justice.

The complainant could not recover in any court, on the

facts alleged in the bill, and therefore the motion to dismiss at the hearing was not too late. The motion went to the right to recover, and not merely to the choice of the forum. The reasons for the decision are stated at large in the head-notes.

Judgment affirmed.