# SUPREME COURT

OF

# The State of Missouri

AT THE

# OCTOBER TERM, 1879.

---

LIBERTY FEMALE COLLEGE ASSOCIATION v. WATKINS, *Plaintiff in Error.*

The **Double Liability** of a stockholder created by the constitution of 1865, could not be enforced by the corporation.

*Error to Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

1865, provided as follows : "Dues from private corporations shall be secured by such means as may be prescribed by law, but in all cases each stockholder shall be individually liable, over and above the stock by him or her owned, and any amount unpaid thereon, in a further sum at least equal in amount to such stock."

The Liberty Female College Association was organized on the 15th day of January, 1868, under chap. 70, of the General Statutes of Missouri, entitled "Of Benevolent, Religious and Educational Associations." ·· The plaintiff in error subscribed $500 stock to said corporation, and paid the full amount of his subscription. The corporation became insolvent, and, claiming the right to enforce the payment of the individual and statutory liability of the stockholders, created by the above section of the constitution, on the 29th day of November, 1875, made a call upon plaintiff in error for fifty per cent. of the stock subscribed by him, over and above the full amount thereof already paid. Plaintiff in error refused to pay the call, and thereupon the corporation brought this suit to enforce the call. Plaintiff in error demurred to the petition for the reason that it failed to state a cause of action, and for the reason that it showed upon its face that plaintiff in error had paid to the corporation the full amount of stock subscribed, and the "double liability" could only be enforced by a creditor of the corporation. The demurrer was overruled and final judgment rendered on the demurrer.

*Simrall & Sandusky* for plaintiff in error.

The security for the protection of creditors in some states given by general statute, in others by charter provisions, but in this by the constitutional provision above has always been held to be for the protection of the creditor, and has always been enforced by the creditor alone. *St. Louis Railway Supplies Co. v. Harbine*, 2 Mo, App. 134; *McClaren v. Franciscus*, 43 Mo. 452 ; *State Savings Assn. v,*

*Kellogg*, 52 Mo. 583; *Ochiltree v. Iowa R. Co.*, 54 Mo. 117; *Perry v. Turner*, 55 Mo. 419; *State Savings Assn. v. Kellogg*, 63 Mo. 540. A case cannot be found in Missouri, nor any other State, where the individual liability of the stockholder, created either by statute, charter or constitution, has ever been enforced by the corporation. See *Wright v. McCormack*, 17 Ohio St. 86; *Umsted v. Buskirk*, 17 Ohio St. 114; *Briggs v. Penniman*, 8 Cow. 395; *Hagar v. McCullough*, 2 Denio, 124; *Lowrg v. Inman*, 46 N. Y. 128; *Corning v. McCullough*, 1 Comst. 55.

*D. C. Allen and Samuel Hardwicke* for defendant in error.

The College Association was and is a trustee for the benefit of creditors, both as to its assets and capital stock, and the constitutional liability arising from subscription to the stock. Green's Brice's *Ultra Vires* 132 note; Field on Corp., p. 427, §403, p. 158, §143; Angell & Ames on Corp., (6 Ed.) §§ 599, 604. Being a trustee, the corporation was the primary party to bring all suits in relation to the trust funds or rights which were for the benefit of the beneficiaries. Green's Brice's *Ultra Vires*, pp. 3, 182, 184; Story's Eq. Plead., §§ 143, 148, 152, 155, 171, 203, 213; Field on Corp., p. 420; Hill on Trustees, side p. 274. The power to make calls on its stock is inherent in the corporation, whether the object of calls be to further the objects of the corporation or to pay its debts. It is primarily in the corporation. If exercised by a court of equity it is where the governing authority of the corporation have refused to act for the benefit of its creditors. Green's Brice's *Ultra Vires*, p. 150; Angell & Ames on. Corp., Ch. 15; Field on Corp., § 94.

NAPTON, J.—The only question in this case is upon the sufficiency of a petition to which there was a demurrer. The petition alleges that plaintiff was a corporation duly organized under chapter 70, title 24, of the general

statutes, on the 15th day of January, 1868, that defend-
ant on said 15th day of January, 1868, subscribed five
shares of the capital stock of $100 each, aggregating $500;
that this subscription was made when the 6th section of
the 8th article of the constitution of 1865 was in force, and
avers that by force of said constitutional provision and the
law, defendant became liable to pay plaintiff, at such times
and in such sums as plaintiff's president and directors
might determine, the said $500 so subscribed, and such
additional sums, not exceeding $500, as might be necessary
to enable plaintiff to pay off its liabilities lawfully incurred,
while the said 8th article of said constitution was in force.
The petition proceeds to state that previous to 1870 de-
fendant had, upon regular calls made by the president and
directors, paid up the sum of $500, his original subscrip-
tion, but that by reason of purchases of lots, cost of build-
ing, apparatus, &c., and a subsequent depreciation of prices,
&c., a sale of all its corporate property became necessary
and ultimately, in November, 1875, it was ascertained that
a debt was still due from the plaintiff of $3,000 and up-
wards, and only $50 of funds was left to pay it with, and,
therefore, a resolution was adopted to make a call upon
the stockholders for fifty per cent. over and above their
original subscription, and defendant refusing to pay his
$250, this suit was brought.

This action by a corporation against one of its stock-
holders to pay, not the stock subscribed, but an additional
sum to which a stockholder was made liable to creditors
by the constitution of 1865, is undoubtedly a novelty.
There is certainly nothing in the previous decisions of this
court in which this constitutional provision has been dis-
cussed, from which such an idea could have been suggested,
nor have we been referred to any decision of any other
court in which it has been sustained or hinted at, nor have
we been referred to any case, by either side, in which such
a claim was made.     This claim is maintained on the
ground that the corporation is a trustee for its creditors,

and a casual remark of the judge in *Karnes v. Rochester J. G. V. R. R.*, 4 Abb. Pr. (N. S.) 107, is cited to sustain this view. That was an action brought by a stockholder against the corporation to compel it to declare and pay a dividend from funds in hand, but the court declined to do so, and dismissed the bill on the ground that there were creditors who had a prior claim, and in this connection remarked that the stockholders are in no sense creditors of the corporation; that they were constituent parts of the corporate body; and that, in a general sense, a corporation might be regarded as a trustee for its creditors, but not of its stockholders." Of course this was said in reference to the case before the court, and in regard to the stock subscribed. It had no reference to the contingent liability of a stockholder to a creditor beyond the amount of stock subscribed. Such a liability only arises when the corporation is insolvent, and the idea of an insolvent corporation being a trustee for its creditors is certainly no where suggested in this opinion. That the managers of the plaintiff have done all in their power heretofore, as is alleged in the petition, and would hereafter be faithful to such a trust as is now asked to be confided in them, we have no doubt, but courts must act on general principles and look to possible results before establishing an innovation such as is proposed in this petition. As was observed by the Supreme Court of Ohio in *Umstead v. Buskirk*, 17 Ohio St. 117: "If the corporation has the right to enforce this liability by assessments, it can exhaust it to discharge a present indebtedness and continue its business with no other security to its future creditors than its corporate liability," and as to the supposed equity of allowing a corporation in this way to make a *pro rata* distribution among its stockholders, there is no reason why that cannot be done as well in a suit by a creditor since, as between the stockholders, each one is only bound to pay in proportion to his stock, though each is severally liable to all the cred-

itors. The demurrer should have been sustained. Judgment reversed. The other judges concur, except NORTON, J., not sitting.