SAMUEL T. HAUSER, Trustee, Respondent, v. JUDSON M. THOMPSON, Appellant.

| 56 | 85 |
| 168s | 648 |

### St. Louis Court of Appeals, January 16, 1894.

**Corporations:** LIABILITY OF STOCKHOLDER. Section 2782 of the Revised Statutes, prescribing limitations for the enforcement of a stockholder's liability, is obsolete. It formerly applied only to his statutory liability, as distinguished from his common law or subscription liability, and that does not now exist; nor did the re-enactment of this statute after the extinguishment of this statutory liability enlarge or alter its original application.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Chester H. Krum* and *Given Campbell* for appellant.

Section 2782, Revised Statutes, is a complete bar to the recoveries sought by the respondents. They seek to avoid its effect by asserting that that statute is

inoperative and without force. But there is nothing in this suggestion. The statute has been construed as a subsisting statute. *State Savings v. Kellogg*, 52 Mo. 583–591; *Perry v. Turner*, 55 Mo. 418–425. Laws in *pari materia* being construed together, this section must be taken as a limitation upon proceedings to secure dues from the corporation, "provided by law." *Handy v. Draper*, 89 N. Y. 334; Thompson on Liability of Stockholders, section 302; *Haskins v. Harding*, 2 Dill. 99. The creditor contracts with the corporation with reference to this section; the stockholder assumes liability upon its conditions.

*Seddon & Blair* for respondents.

This proceeding is not affected by section 2782 of the Revised Statutes. We are not enforcing any personal liability of the defendant stockholder. There is a distinction between a stockholder's common law and personal liability. *Wood v. Dummer*, 3 Mason, 308; *Adler v. Milwaukee*, 13 Wis. 60; Thompson on Stockholders, sec. 10; Beach on Private Corporations, sec. 695; *Salt Lake v. Henderson*, 40 N. J. L. 52; Morawetz on Corporations, sec. 869; *Liberty v. Watkins*, 70 Mo. 16; *Lionberger v. Broadway Bank*, 10 Mo. App. 515; *Boeppler v. Menown*, 15 Mo. App. 455; *Terry v. Anderson*, 95 U. S. 623; *Branch v. Knapp*, 61 Ga. 614; *Dodge v. Minor*, 16 Minn. 368; *Bagley v. Taylor*, 43 Mo. App. 201. This distinction is further shown by the nature of the remedy. This proceeding is not a suit to enforce a personal liability, but to sequestrate an asset of the company. It is in the nature of an equitable garnishment. *Hannah v. Bank*, 67 Mo. 678; *Leucke v. Treadway*, 45 Mo. App. 512; *Washington v. Butchers*, 107 Mo. 133; *Patterson v. Lynde*, 106 U. S. 520; *Hatch v. Dana*, 101 U. S. 211; *Ogilvie v. Knox*, 22 How. 387.

BIGGS, J.—Section 2782 of the Revised Statutes of 1889, reads: "No stockholder shall be personally liable for the payment of any debt contracted by any corporation created under this article, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such corporation within one year after the debt shall become due; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such corporation for any debt so contracted, unless the same shall be commenced within two years from the time he shall cease to be a stockholder in such corporation, nor until an execution shall have been returned unsatisfied, in whole or in part."

Section 2517 of the statute provides: "If any execution shall have been issued against any corporation, and there can not be found any property or effects whereon to levy the same, then such execution may be issued against any of the stockholders to the extent of the amount of the unpaid balance of such stock by him or her owned: *Provided, always,* that no execution shall issue against any stockholder except upon an order of the court in which the action, suit or other proceedings shall have been brought or instituted, made upon motion in open court, after sufficient notice, in writing, to the person sought to be charged; and, upon such motion, such court may order execution to issue accordingly; *and provided, further,* that no stockholder shall be individually liable in any amount over and above the amount of stock owned."

The plaintiff is a judgment creditor of the Bristol Hotel Company, a Missouri corporation, organized under article 8, chapter 42, of the Revised Statutes of 1889. The demand upon which his judgment was

obtained matured in 1884, and suit thereon was not brought against the hotel company until 1888. The judgment was obtained November 17, 1890. Execution thereon issued November 22, 1890, and it was returned *"nulla bona"* December 1, 1890. Subsequently the plaintiff, proceeding under section 2517, *supra*, filed a motion in the court wherein the judgment was rendered, asking for an execution against the appellant and alleging that the latter was the owner of two hundred shares of the capital stock of the hotel company, of the par value of $100 each, and had only paid fifty per centum of such par value, leaving $10,000 unpaid thereon. The defense was that the suit for the collection of plaintiff's demand against the hotel company was not commenced within one year after the maturity of such demand, as required by section 2782, *supra*. The court ordered the execution to issue, and the appellant appealed.

On this appeal the fact is not controverted that the appellant subscribed for and is the owner of two hundred shares of the capital stock of the Bristol Hotel Company, of the alleged par value, and that he has only paid fifty per centum of such value. Therefore, the only question for our decision is, whether section 2782 has any application to what is known as the "common law" or "subscription" liability of a stockholder. If it has, then the judgment of the circuit court is wrong.

The liability of a stockholder in a corporation may be of a two-fold character. His obligation to pay in full for his stock either in money or money's worth, is universal, and this is designated as a common law or subscription liability. The statutes of many states impose an additional liability in favor of creditors, which may be designated as a personal or statutory liability. This classification is recognized in all well

considered decisions bearing on the question. The differences between the two liabilities are radical. Uncalled or unpaid subscriptions are assets of the corporation, and the liability of the stockholder therefor is direct to the corporation and contingent as to creditors. *Shickle v. Watts*, 94 Mo. 422; *Sanger v. Upton*, 91 U. S. 56. The statutory or personal liability of a stockholder is direct to the creditor and the corporation has no concern therewith. Beach on Private Corporations, section 695; *Liberty College v. Watkins*, 70 Mo. 16. The one exists by virtue of the common law (*Patterson v. Lynde*, 1 S. C. Reporter, 432; *Wetherbee v. Baker*, 35 N. J. Eq. 501; *Rider v. Morrison*, 54 Md. 429); the other solely by statutory enactment. (*Terry v. Little*, 101 U. S. 216; *Salt Lake City Bank v. Hendrickson*, 40 N. J. L. 52; *Seymour v. Sturgess*, 26 N. Y. 134). Unpaid and uncalled subscriptions pass to the assignee or receiver of a corporation. (*Lionberger v. Broadway Bank,* 10 Mo. App. 515; *Boeppler v. Menown*, 17 Mo. App. 447), whereas the personal or statutory liability, if there is any, survives to the creditor. (*Branch v. Knapp*, 61 Ga. 614; *Savings Association v. O'Brien,* 51 Hun, 45; *Liberty v. Watkins, supra.*) The common law liability may be enforced anywhere, whereas the general rule is that the statutory liability cannot be enforced in a foreign jurisdiction. *Rice v. Hosiery Co.,* 56 N. H. 114; *Lowry v. Inman*, 46 N. Y. 119.

In the interpretation of section 2782 these two liabilities, and their differences, must be kept in view, as the corporation law of the state at the time of the enactment of the section provided for a personal liability on certain contingencies. The section appeared first in the laws of 1855, (section 22, chapter 37, Revised Statutes of 1855). It has been retained in all of the revisions since its enactment, and its language is unchanged. Section 10 of the same chapter provided

that "all the stockholders of every company incor-
porated under this act, shall be, severally and individ-
ually, liable to the creditors of the company in which
they are stockholders, to an amount equal to the
amount of stock held by them respectively, for all
debts and contracts made by such company, until the
whole amount of the capital stock fixed and limited by
such company, shall have been made and recorded, as
prescribed in the following section," etc., etc.    Section
18 of the general corporation act, (section 18, chapter
34, Revised Statutes, 1855), provided: "Every cor-
poration hereafter created shall give notice annually in
some newspaper printed in the county where the cor-
poration is established,    *    *    *    of the amount of all
the existing debts of the corporation,    *    *    *    and
if any of the said corporations shall fail so to do, all
the stockholders of the corporation shall be jointly and
severally liable for all the debts of the company then
existing, and for all that shall be contracted before such
notice shall be given."    In the act of 1866, passed in
pursuance of the constitution of 1865 imposing a double
liability, all other sections of the statutes imposing
other personal liabilities on stockholders were repealed.
The double liability was subsequently abolished by the
constitutional amendments of 1870, thus obliterating
the personal or statutory liability of a stockholder in
this state; but section 2782 was not repealed, and it
has appeared in every revision since. The statute of
1855 (chapter 37, section 6, Revised Statutes, 1855,)
also provided for the common law liability, and pre-
scribed how it should be enforced.

The liability referred to in section 2782 is hedged
about by unusual and extraordinary limitations. By
the first clause the stockholder is exempted, if the debt
contracted is not payable within a year.  By the second
clause he is released, unless a suit for the collection of

the debt shall be brought against the corporation within one year after the debt shall become due. To hold that this section has any application to the obligation of a stockholder to pay an unpaid balance on his stock could only be justified by a plain and unequivocal expression of the legislative will. Nothing ought to be left to construction.

When it is considered that unpaid stock is a trust fund for creditors (Shickle v. Watts, supra), and that the obligation of the stockholder in reference thereto rests upon his express contract to pay, it is difficult to understand why the legislature should undertake to limit the obligation by such unusual conditions. Why should a distinction be made between creditors whose debts matured within a year, and debts having a longer time to run? Why should a creditor, in order to obtain the benefit of the trust fund, be compelled to sue the corporation within one year after the maturity of his demand? It is unreasonable to suppose that the legislature intended this. But when we consider the limitations imposed by the section as applicable to personal or statutory liabilities, the aptness of the language employed for that purpose is apparent. A statutory liability lies outside of the contract of the stockholder, and is purely statutory and arbitrary. Therefore, it would seem to be the proper thing for the legislature to guard and limit the enforcement of such an obligation by unusual conditions.

Again, if the appellant's contention is to prevail, the application of the provisions of section 2782 can not be confined to a proceeding by motion or execution, for such a proceeding and a bill in equity on the part of a creditor to reach the assets of a corporation in the hands of its stockholders have been decided to be concurrent remedies. *Washington Bank v. Butchers' Bank*, 107 Mo. 133; *Erskine v. Loewenstein*, 82 Mo.

305. If the stockholder can invoke the exemption provided by the section in the one proceeding, why may he not under a similar state of facts prevail in the other. And if the corporation should dissolve and the stockholder should be sued by a creditor to recover an unpaid balance due on stock (section 2519 of the Revised Statutes of 1889,) why could he not also avail himself of such exemption, if the facts warranted it? Such propositions are startling, but they would logically follow if the interpretation insisted on by appellant's counsel should be adopted.

Again the last clause of the section bears internal evidence against the appellant's contention. It is as follows: "And no suit shall be brought against any stockholder who shall cease to be a stockholder in any such corporation for any debt so contracted, unless the same shall be commenced within two years from the time he shall cease to be a stockholder in such corporation," etc. This shows that the liability referred to would continue to exist after a stockholder had ceased to be such; therefore the legislature fixed a limitation of two years for its continuation. Hence the inference is a fair one that the framers of the law could not have had in mind a subscription liability, for all the books agree that a *bona fide* sale of stock puts an end to such an obligation. But a statutory liability, when once fixed, is in nowise affected by the subsequent *status* of the stockholder.

In the case of *State Savings Association v. Kellogg*, 52 Mo. 583 (1873), and also in that of *Perry v. Turner*, 55 Mo. 418 (1874), the court regarded section 2782 as an existing and operative law. Both cases, however, were actions by creditors of dissolved corporations against stockholders for the purpose of enforcing the double liability imposed by the constitution of 1865. The decisions were rendered after the repeal of that

provision, but the liability of the defendants in both. cases accrued prior to its repeal. The court held that the limitations found in section 2782 governed in those cases. This is no way militates against the views. herein expressed, as the double liability of the stock-holder under the constitution of 1865 was regarded and held to be personal or statutory. *Liberty College v. Watkins*, 70 Mo. 16; *Ochiltree v. Iowa, etc., Contracting Co.*, 54 Mo. 113. Hence the retention of the section. in the revision of 1866 was not without a purpose.

It is suggested that by re-enacting the section the legislature must have intended that its meaning should be enlarged or changed so as to conform to changes in other portions of the same statute. The general rule of construction is that words used in a statute must be construed in reference to their meaning at the time of the passage of the act. This court in the case of *Dawson v. Dawson*, 23 Mo. App. 169, held that the word "drunkenness," as used in the divorce statute, meant alcoholic intoxication and not intoxication by opiates. When this statute was first enacted (1835), intoxication from the use of morphine was comparatively unknown, while alcoholic drunkenness was very common. In that connection the court said: "The meaning of the word drunkenness, 'in its plain, ordinary and usual sense,' could not at that time have been anything but alcoholic drunkenness. Nor can it be said that the legislature, in re-enacting the statute in almost the identical words ever since, intended to change the meaning of the word drunkenness from its meaning as originally fixed."

We, therefore, hold that the words "personally liable," as used in the section under consideration, was. intended by the legislature to refer solely to the statutory liability of stockholders. As such a liability no longer exists, the section has become obsolete. As.

suggested by counsel, it is a dead branch which has escaped the pruning knife of the revisors.

The judgment of the circuit court awarding an execution against the defendant will be affirmed. All the judges concur.