EPPRIGHT, *Appellant*, v. NICKERSON.

1. **Corporation:** ASSIGNMENT FOR BENEFIT OF CREDITORS. An assignment of all the assets of an insolvent corporation for the benefit of creditors, if made by the board of directors without the consent of the stockholders, is *ultra vires* and void, but only as against the stockholders. A creditor of the corporation cannot make the objection.

2. ———: ———: CERTIFICATE OF ACKNOWLEDGMENT. To an assignment for the benefit of creditors executed by a corporation was appended a notary's certificate that M. C., president, and A. M., cash-

ier, of the corporation, "acknowledged that they executed and delivered the same as their voluntary act and deed, for the uses and purposes therein contained." *Held*, that this was a sufficient certificate that the corporation acknowledged the instrument. HOUGH, C. J., and HENRY, J., dissented.

3. **Assignment:** WHAT IT PASSES. A deed of assignment which makes no reference to a schedule of assets accompanying it, will not be limited in its operation to the assets embraced in the schedule, but will pass any which come within its terms.

4. ————: LIABILITY OF STOCKHOLDERS MAY BE ASSIGNED. An insolvent corporation may include in an assignment for the benefit of its creditors the liability of its stockholders for unpaid stock for which no call has been made.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*J. J. Cockrell* and *Peter E. Bland* for appellant.

*A. Comingo* for respondent.

HENRY, J.—This is a proceeding which was commenced in the Johnson circuit court against defendant Nickerson, by motion, under section 13, article 1, chapter 37, Wagner Statutes. Plaintiff obtained a judgment against the Warrensburg Savings Bank on the 21st day of February, 1880, and execution was issued on said judgment which was returned unsatisfied, and the motion was filed on the 26th day of August, 1880, after the return of said execution. Prior to the judgment in plaintiff's favor, in his suit against the bank, on the 24th day of January, 1880, the said bank by order of its directors made an assignment to Joseph Brown of all its "real estate, goods, chattels, effects and credits" for the use and benefit of its creditors, and said Brown duly qualified and entered upon the discharge of his duties as assignee. Nickerson, at the date of the return on the execution before mentioned, was a stockholder of the bank to the extent of twenty-eight shares, only thirty

per cent of which had been paid, leaving seventy per cent unpaid, for which no call had been made by the directors. Brown on his application was made a party defendant to this proceeding and filed his answer alleging the facts in relation to the assignment, and claiming as assignee the unpaid balance for the stock subscribed by Nickerson, who in his answer also set up as a defense to the plaintiff's motion, said assignment. Several questions have been elaborately and ably argued by counsel, and we shall proceed to notice them in their proper order.

First, it is contended that the assignment was made by the directors without the authority of the stockholders and 1. CORPORATION: assignment for benefit of creditors. was, therefore, *ultra vires* and void. As to the stockholders, if they did not consent, this proposition we think correct. Field on Corp., § 151; *Abbott v. American Hard Rubber Co.*, 33 Barb. 580. In the latter case the question is elaborately and exhaustively considered, both by Sutherland, J., and Allen, J., and on this point we think it sufficient to cite that case and those relied upon by those learned judges in the opinions delivered by them. In the case at bar, no stockholder is complaining of the action of the directors, and the only stockholder who is a party to the suit relies upon the assignment to defeat plaintiff's recovery against him. It does not appear that the stockholders did not consent, nor that any of the stockholders ever complained of the conduct of the directors; and from their silence since 1880 their assent to the assignment may be reasonably inferred. The plaintiff himself proved his debt against the bank before the assignee.

It is also urged that the assignment was not properly acknowledged. The assignment and acknowledgment were as follows:

Know all men by these presents, That the Warrensburg Savings Bank, a corporation duly incorporated under 2. ———: ———: certificate of acknowledgment. and in pursuance of chapter 68 of the General Statutes of Missouri, and doing business in the town of Warrensburg, Johnson county, Missouri,

in consideration of the sum of $1 to it in hand paid by Joseph Brown, of the same place, does hereby bargain and sell, transfer and assign and deliver unto the said Joseph Brown, all and singular, the real estate, goods, chattels, effects and credits of the said Warrensburg Savings Bank, to have and to hold the same in trust to collect and receive the same, and dispose of it, and the proceeds to distribute under and in accordance with the general assignment laws of the State of Missouri among all the creditors of the said Warrensburg Savings Bank, in proportion to their respective claims.    In witness whereof, the said Warrensburg Savings Bank has caused these presents to be signed and acknowledged by its president and cashier, and the corporate seal to be attached, this 24th day of January, 1880.

The Warrensburg (Corporate                WILLIAM CALHOUN,
    Seal) Savings Bank,                                    President.
    Warrensburg, Missouri.              AMOS MARKEE,
                                                              Cashier.

STATE OF MISSOURI, } ss.
County of Johnson. }

Be it remembered, That William Calhoun, president of the Warrensburg Savings Bank, and Amos Markee, cashier of the same, who are personally known to the undersigned, a notary public within and for the county aforesaid, to be the same persons whose names are subscribed to the foregoing instrument of writing, as parties thereto, this day appeared before me and acknowledged that they executed and delivered the same as their voluntary act and deed, for the uses and purposes therein contained.    Given under my hand and notarial seal this the 24th day of January, 1880.

[L. S.]                          S. J. BURNETT,
            Notary Public, Johnson County, Mo.

This presents a question of more difficulty.    Section 354, Revised Statutes 1879, provides that every general as-

signment by a debtor in trust for his creditors "shall be proved or acknowledged and certified and recorded in the same manner as is prescribed by law, in cases wherein real estate is conveyed." Section 743 of the statute in relation to private corporations, (R. S. 1879,) declares that, "It shall be lawful for any corporation to convey lands by deed sealed with the seal of the corporation and signed by the president    *    *    and such deed shall, when acknowledged by such officer to be the act of the corporation, or proved in the usual form prescribed for other conveyances of land, be recorded," etc. In the *City of Kansas v. Hannibal & St. Joseph R. R. Co.*, 77 Mo. 180, the granting clause of the deed was as follows : "Know all men by these presents, that the West Kansas Land Company, by Solomon Houck, president, and Theodore S. Case, Secretary,    *    *    has granted "    *    *    . The attestation clause was as follows : " In witness whereof we hereunto subscribe our names and affix our seals this, etc.

[SEAL.]

SOLOMON HOUCK, President. [SEAL.]

THEODORE S. CASE, Secretary. [SEAL.]

W. K. LAND COMPANY.        [SEAL.]"

The certificate of acknowledgment was that Houck and Case "acknowledged that they executed and delivered the same as their voluntary act and deed for the purposes therein mentioned." This court held the deed to be that of the company and the acknowledgment sufficient. In the case at bar the seal of the bank was affixed to the deed. The deed purports to be the deed of the bank. It is signed by the president and cashier, in pursuance of the order of the board of directors, the acknowledgment is the same as in the case above referred to, and upon the authority of that case must be held to convey the property embraced in its terms. Judge HOUGH and I dissented from the opinion of the court in that case, and speaking for myself I think that the acknowledgment of the deed in question does not meet

the requirements of the statute.  Judge HOUGH is also of that opinion.

These preliminary questions disposed of, we are now to consider whether the deed of assignment, by its terms, embraced unpaid stock for which no calls had been made; and second, if embraced by the terms, was it in the power of the bank to assign such demands?

It is conceded by counsel for appellant, that the language of the conveyance is broad enough to include unpaid

3. ASSIGNMENT: stock for which no call had been made (if
wha' it passes.  assignable) unless the scope of the language is limited by the schedule attached to the deed of assignment.  The deed does not convey the property by schedule. No reference is made to it, and under such circumstances, the express language of the deed is not restricted in its meaning by what the schedule contains.

Had the bank power to assign its claim upon a stockholder for unpaid stock, for which no call had been made

4. ——: liability of by the directors?  A very able argument
stockholders may
be assigned.  is made in Mr. Bland's brief in support of the proposition that such credits form no part of the general assets of a corporation, and are not properly the subjects of assignment.

*Ex parte Stanley*, 4 DeG. J. & S. 407, cited and relied upon by him as a direct authority, turned upon the construction of a deed of settlement, one clause of which provided that the board of directors might borrow any sum or sums of money for the use of the society on the security of its funds or property, and cause the funds or property on the security of which any sum or sums should be so borrowed or taken up, to be respectively assigned, etc., as the case might require, by way of mortgage to the person lending the money.  Under that clause the directors assigned all and singular the capital stock, moneys, estates and effects of the society as security for the repayment of the loan.  Lord Justice Bruce said: "In my judgment, so to construe the deed of settlement as that it should warrant

such an assignment as that, would be to authorize a plain breach of trust and an act inconsistent with the continuance of this society, and inconsistent probably with the lawful exercise of the powers of the directors." Lord Justice Turner observed in the same case that: "Upon the true construction of this deed of settlement the subscribed capital not paid up, does not constitute funds or property of the society within the meaning of the deed." What he subsequently says with respect to the assignability of unpaid calls due from the subscribers has relation to their assignability to an individual as security for or in payment of a debt. That was not the case of a general assignment by an insolvent corporation for the benefit of creditors.

In re Sankey Brook Coal Co., L. R., 10 Eq. Cas. 381, was similar to the case of Ex parte Stanley, supra, and turned upon the construction of a power given to "pledge, mortgage or charge the works, hereditaments, plant, property and effects of the company" in order to secure the repayment of moneys borrowed; and it was held that under the power the proceeds of a call already made but not yet paid, might be charged, but not the proceeds of a future call. To the same effect is the Ohio Life Ins. Co. v. Trust Co., 11 Humph. 1.

Appellant contends that unpaid stock for which no call has been made, which has been subscribed for under a statute providing that ten per cent of the nominal value shall be paid presently, and the balance on such calls and terms as the directory may from time to time prescribe, is not a debt in esse, but that a call is a condition precedent, and until made it is an obligation in posse merely, and makes an able and plausible philological argument based upon the definitions of Bouvier, Burrell, Abbott and Wharton of "debitum in praesenti solvendum in futuro." They all define it substantially as "a debt due at present to be paid in future," which is but a translation of the phrase.

What is unpaid stock for which no call has been made, if not a debt? The obligation to pay it is assumed when

the stock is subscribed for, and, that it is only payable on call, does not make it an obligation *in posse* merely. The contract of the indorser of negotiable paper is to pay if the maker does not on presentment and demand, provided due notice be given him of his default. Is it any the less a present debt, because not payable unless demand is made and payment refused, and notice given? If these things are omitted, he is absolutely discharged by the law merchant, and yet it is a debt of the indorser, although by neglect of the holder he may never be liable to pay it. The authorities are innumerable which hold the capital stock paid and unpaid a trust fund for the benefit of the creditors ; and in the case of an insolvent bank, if the directors refuse or neglect to make the call for unpaid stock, a court of equity may compel the call. This is conceded by Lord Justice Turner in *Stanley's case, supra,* relied upon by appellant's counsel. In *Sagory v. Dubois,* 3. Sandf. Ch. 466, the court says:   "Defendant by subscribing stock became liable to pay shares in full when called for by the directors. He might be compelled to pay by the receiver, who represented the creditors of the company, notwithstanding the directors had not only failed to call for unpaid balances, but had formally resolved that no further calls should be made."

The statute of this State under which this proceeding is allowed against a stockholder, recognizes the unpaid stock although no call has been made by the directors, as a debt due the company. Upon no other principle can the statute stand. The legislature has no power to establish the relation of debtor and creditor between two citizens. If, before the act was passed the stockholder, as to unpaid stock, was not a debtor to the bank, the statute could not make him such. He became such by his subscription, and to hold that the corporation, by neglecting or refusing to make calls for unpaid stock, can release the stockholder from his liability, would be to allow them to do indirectly

what they could not accomplish by a resolution of the board, directly absolving him from his obligation.

We are of the opinion that it was within the power of the bank to assign the credits in question, and think we are fully sustained in this conclusion by the cases of *Terry v. Anderson*, 95 U. S. 628, and *Marsh v. Burroughs*, 1 Woods 463. In this case Bradley, J., observes : "It is contended that the unpaid subscriptions of capital stock are not assets for the payment of debts, either legal or equitable ; that they exist merely as possibilities; that they are not a debt due, having never been called in; that no one can call them in but the directors; and in them it is a mere discretionary power which cannot be exercised either by the assignee, the receiver or the court itself, and cannot be assigned. This position may be somewhat plausible, but it is not sound. It is not a mere power vested in the bank to make further calls. It is a right; and when a debtor has such right and does not choose to exercise it, equity at the instance of creditors will exercise it for him." *West Chester R. R. Co. v. Thomas*, 2 Phila. 344; *Lionberger v. Broadway Savings Bank*, 10 Mo. App. 499. We have thus particularly noticed the case in 1 Woods because appellant's counsel have cited and rely upon it as authority in support of their views. In addition to these express authorities all those cases are in point which hold that the capital stock of a corporation is a trust fund held by the corporation for the benefit of all its creditors. *Powell v. N. M. R. R. Co.*, 42 Mo. 68; *Germantown Pass. R'y Co. v. Fitler*, 60 Pa. St. 124; *Wood v. Dummer*, 3 Mass. 308 ; *Webster v. Upton*, 91 U. S. 65 ; *Sawyer v. Hoag*, 17 Wall. 621; *Sagory v. Dubois*, 3 Sandf. Ch. 466 ; 13 Wisc. 62; 2 Dill. 106. We might extend this list almost indefinitely, but the cases will be found cited in the elementary works.

The case of *Grosse Isle Hotel Co. v. L'Anson's Exrs.*, 13 Vroom (42 N. J. L.) 10, was a suit at law to recover money alleged to be due from the testator on a subscription for capital stock of plaintiff. No assessment of this stock had

been made, and it was properly held that no suit at law could be maintained, until a call was made. Until then it was not payable. The same may be said of *Chandler v. Siddle*, 10 Nat. Bank. Reg. 236, and in fact that principle underlies nearly all the cases cited by the counsel for appellant. *Hannah v. Moberly Bank*, 67 Mo. 679, and other Missouri cases cited are to the same effect.

The judgment of the circuit court, which was for defendant, is affirmed. All concur.