DESCOMBES, *Plaintiff in Error*, v. WOOD *et al.*

1. **Banking Corporation:** BOARD OF DIRECTORS: ASSIGNMENT BY FOR BENEFIT OF CREDITORS. The board of directors of an insolvent banking corporation, acting in good faith, has the authority to make an assignment of all its property for the benefit of its creditors without first obtaining the consent of the stockholders to the assignment.

2. ———: ———: ———: STOCKHOLDER: LACHES. Besides, a stockholder may, it seems, be precluded by his laches from objecting to the validity of such assignment.

3. The Decision in *Eppright v. Nickerson*, 78 Mo. 482, as to the sufficiency of the execution and acknowledgment of the deed of assignment by the board of directors of the bank, adhered to.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for plaintiff in error.

(1) A corporation cannot make an assignment for

the benefit of creditors, without the consent of the stock-
holders. Such an act is *ultra vires*, and void. *Epp-
right v. Nickerson*, 78 Mo. 482; *Bank of Commerce v.
Bank*, 1 Harr. Ch. [Mich.] 106; Field on Corp., sec.
151; *Abbott v. Hard Rubber Co.*, 33 Barb. 520; *Price
v. Insurance Co.*, 3 Mo. App. 159; *Buford v. N.
Line Packet Co.*, 3 Mo. App. 262. (2) A single stock-
holder may maintain an action to annul a transaction
*ultra vires*, and may sue for himself and those similarly
situated. Angell & Ames on Corp. 330; *Dodge v.
Woolsey*, 18 How. [U. S.] 331; *Hawes v. Water Co.*, 21
Am. Law Reg. 252, 262; *March v. Railroad*, 40 N.
H. 549; *Peabody v. Flint*, 6 Allen [Mass.] 52; *Brown
v. Boston Theatre Co.*, 104 Mass. 373; *Davidson v.
Reed*, 111 Ill.; s. c., 53 Am. Rep. 613. (3) An act
which is *ultra vires* is not the subject of ratification and
cannot be ratified by the whole body of the stockholders;
is a clear case of excess of power. Green's Brice's *Ultra
Vires*, p. 43, prop. 12; 12 Cent. Law Journal, 336; Leake
on Cont. 582, *et seq.; Railroad v. Railroad*, 11 C. B.
775. (4) This deed was not made in compliance with
the provisions of the assignment law of the state
(R. S., 1879), for that expressly declares that every
such assignment shall be proved or acknowledged and
certified and recorded in the same manner as is pre-
scribed by law in cases wherein real estate is conveyed.
R. S., 1879, p. 54, sec. 354. (*a*) A deed of a corpora-
tion, in order to convey the real estate of a corporation,
must be sealed with the common seal of the corpora-
tion, signed by the president and acknowledged by such
officer to be the act of the corporation, etc. The deed
in controversy was not so signed or acknowledged. R.
S., sec. 743. (*b*) We respectfully ask the court to
review its decision in *Eppright v. Nickerson, supra*,
holding this a valid deed under the assignment law of
this state; for the general rule of law is, that, "to make
the act of the agent the act of the principal, it must be

executed in the name of the principal." *McTyler v. Steele*, 26 Ala. 487. (*c*) It must appear both in the body and signature to be the deed of the principal. *Carter v. Chandron*, 21 Ala. 72. (5) The tendency of the courts has ever been to construe deeds strictly as to signatures, and the principal's name must appear in the signature as the contracting party. 33 Ala. 599; 26 Ala. 591; 23 Ala. 507; *Skinner v. Gunn*, 9 Port. 305.

*A. Comingo* for defendants in error.

(1) The plaintiff's petition does not state any facts that tend to invalidate the assignment. It fails to state any cause of action that warrants the relief sought; or, indeed, any relief whatever. (2) The directors had power and authority to make the assignment. R. S., 1879, sec. 906. (3) The assent of a majority of the stockholders was given. Each of the seven directors who joined in the resolution of the board, pursuant to which the assignment was made, was a stockholder; and his concurrence in the resolution is actual assent. R. S., 1879, sec. 906. (4) But the assent of the stockholders is not essential to the validity of an assignment for the benefit of creditors. *DeRuyter v. St. Peter's Church*, 3 N. Y. 238; s. c., 3 Barb. Ch. 119; *State v. Bank of Maryland*, 6 Gill & J. 205; *Union Bank v. Elliott et al.*, 6 Gill & J. 363; *Sergeant v. Webster*, 13 Met. [Mass.] 497; *Town v. Bank River Raisen*, 2 Doug. [Mich.] 530; *Flint v. Clinton Co.*, 12 N. H. 431; *Dana v. Bank*, 5 Watts & Serg. 223; *Burrell v. Prest.*, 2 Met. 163; *Covert v. Rogers*, 38 Mich. 363; *Shultz v. Suter*, 3 Mo. App. 137; *Lionberger v. Broadway*, 10 Mo. App. 503. (5) The plaintiff is estopped by his long silence to assail the assignment. *Eppright v. Nickerson*, 78 Mo. 484.

Ray, J.— Plaintiff brought this action against Joseph Brown, assignee of the Warrensburg Savings

Bank, and against said bank to set aside a deed of assignment from the bank to said Brown, and to divest the assignee of all right, title, and interest, in and to the property conveyed, and to restore and invest title to, and control over, the same to the bank, and to enjoin the assignee from asserting title thereto. Since the institution of the suit, and while the same was pending in this court on writ of error, as appears by stipulation in the cause, said Brown has departed this life, and said Woods has been duly appointed his successor as such assignee, and duly qualified as such. Plaintiff was a stockholder in the bank, and also one of its creditors at the time of the assignment, on account of money theretofore loaned to it, and evidenced by certain certificates of deposit, and in February, 1881, he recovered judgment against the bank upon said indebtedness, in the circuit court of Johnson county, Missouri, which said judgment remains in force unpaid and unsatisfied.

On January 17, 1880, a majority of the board of directors of said bank met in regular session, and upon motion duly seconded, resolved that they believed it to be to the interest of all concerned that Joseph Brown be appointed assignee to settle up the business of the bank, and that William Calhoun, president, and Amos Markee, cashier, be authorized and directed to execute and deliver to said Brown, as assignee, a deed of assignment, in form of law, conveying to him all the property owned by the bank, to be held for the benefit of all its creditors according to the laws of this state.

Afterwards, on the twenty-sixth day of January, 1880, a deed of assignment was, under authority of said resolution, executed, acknowledged, and delivered to said Brown, who caused the same to be recorded, in the office of the recorder of deeds for Johnson county, Missouri, on the twenty-sixth day of January, A. D., 1880, and immediately thereafter, and in pursuance and by virtue of said instrument, took possession of all the

property and effects of the bank, and is asserting title thereto and exercising control thereof, to the exclusion of all other persons. Said deed of assignment, and the acknowledgment thereof are set out in the petition, but are omitted from this opinion, for the reason that they already appear in full in the case of *Eppright v. Nickerson*, 78 Mo. 484, 485, to which reference is here had.

The above facts, except as to the successorship of said Wood ( which appears by said stipulation, filed in this court) appear from the petition in this case, which further avers, in substance, that the said majority of said board of directors adopted, and caused to be entered upon the records of the proceedings of said board, the said resolution of January 17, 1880, without authority from, or notice to, the owners and holders of the shares of the capital stock of said corporation, and without notice, assent, or knowledge, and against the desire, of plaintiff, and that the said deed of assignment, having been executed without the assent or knowledge of the said several shareholders, is void, and of no binding force, as against them ; that the specified directors, constituting a majority of the board, have conspired to and with defendant, Brown, and are aiding and abetting him to claim possession of the property and effects of said corporation, under the said instrument, and refuse to bring this suit in the name of the corporation against said Brown, for the relief of the shareholders, and that plaintiff, therefore, brings the same, on his own behalf, and in behalf of all other shareholders in said corporation, similarly situated.

Defendants interposed a demurrer to the petition, assigning as the grounds therefor that the same does not state facts sufficient to constitute a cause of action ; that there is a defect of parties plaintiff, and that if plaintiff ever had a right of action, as claimed, he is, by his own showing, estopped from now asserting it. This demurrer was sustained by the court, and the propriety of its ac-

tion, in this behalf, is the only question before us for review and determination. The plaintiff, it will be perceived, sues in his own behalf, and in behalf of those similarly situated, without stating who they are or how numerous, or whether they constitute a majority, or otherwise, of the creditors and stockholders, both of which he shows himself to be. If the assignment, however, is *ultra vires*, and void, as claimed, any portion of the shareholders may, it seems, be complainants, or even a single one of them, and, in that event, the action properly purports to be brought by the given plaintiff, and others similarly situated. 1 Morawetz on Private Corp., sec. 408, and cases cited. The petition, in this case, it will be seen, does not, directly and in terms, charge, either one way or the other, as to the solvency or insolvency of the corporation, at the date of the resolution, or at the date of the said deed of assignment, nor does it charge the directors with any fraudulent intent, or fraud in fact, in the premises, nor does it negative the grounds given in the resolution to assign, that such course was required, in the best interests of all concerned. Moreover, we may add that it is not alleged that the assignee had mismanaged or wasted, or is about to mismanage or waste, the assets, or that the interests of the stockholders would be promoted by the grant of the relief prayed for.

The resolution, in itself, does not purport the insolvency of the bank, but only, perhaps, failing circumstances, and present inability to convert its assets into cash, and to pay its debts on demand. But, as against the pleader, so failing to allege the solvency of the bank, or its ability, ultimately, with proper management, to meet its liabilities, taken in connection with the actual assignment by said deed for the benefit of creditors, we think the case presented is one solely as to the power of a board of directors of an insolvent banking corporation, acting in good faith, to make an assignment of all its

property, for the benefit of all its creditors, without the consent first had and obtained of all its stockholders. The question thus presented was not, we may say at the outset, presented for decision in the case of *Eppright v. Nickerson*, 78 Mo. 482. In the course of that opinion, the following statements occur: "In the case at bar, no stockholder is complaining of the action of the directors, and the only stockholder, who is a party to the suit, relies upon the assignment to defeat plaintiff's action against him. It does not appear that the stockholders did not consent, nor that any of the stockholders ever complained of the conduct of the directors." The plaintiff, in that action, was a creditor, and had proved up his debt before the assignee, and was then proceeding against the defendant, by motion, under section 13, article 1, chapter 37, of Wagner's Statutes, and this court there held that, as against him, the assignment was valid, and that he could not make the objection that the same was *ultra vires* and void.

The single remark of the learned judge in the course of that opinion, to the effect that the assignment, by the directors, was *ultra vires* and void, as to stockholders, if they did not consent thereto, is a mere *dictum*, as is apparent from the above statement of the actual question before the court for decision. The *dictum* is expressly based upon the authority of the case of *Abbot v. The Hard Rubber Co.*, 33 Barb. 578, which decides, we think, a very different question from the one at bar, as is apparent from the language employed in the opinion of Sutherland, J., at page 584, where *it is said,* "the sale and transfer in question was not, and did not purport to be, a sale of the property of the corporation for the benefit of its creditors." In that case, four of the seven directors, after passing a resolution to that effect, perfected an absolute sale, in gross, of all the stock, consisting of articles composed of India rubber, belonging to the corporation, and of all the dies, tools, etc.,

and of all rights held by the corporation, under the Goodyear patents, to manufacture such articles, thus destroying the corporation in its said business of manufacturing India rubber goods, which was the object and purpose for which it was organized. There were other features in the transaction, such as the immediate association and incorporation of said purchasers and said four directors of the old corporation into a new company, for the manufacture of goods composed of India rubber, and the immediate transfer to the new corporation, by the said purchasers, of the effects and rights transferred to them by said directors of the old corporation; but the case was disposed of upon the ground that, as against the plaintiff, who was a stockholder, not consenting thereto, the sale was invalid for a want of power in the corporation or said directors to make it.

Section 157, Field on Corporations, also referred to in *Eppright v. Nickerson, supra,* in this connection, is to the same general effect as the *Abbot case,* which is cited in the note. The instances mentioned in said section, of acts not within the power of the directors, belong to this class of attempted sales and alienation of property, essential and necessary to the transaction of the business of the corporation, and to the prosecution of the purposes of its creation, and to application by them for legislative changes or enlargement of corporate powers, or to acts destructible of its corporate existence.

In the recent case of *Chew v. Ellingwood,* 86 Mo. 260, at page 273, this *dictum* of the *Eppright-Nickerson case, supra,* is expressly ruled otherwise by this court; where it is said that, " the point made by appellants' counsel, that the assignment, made by the directors, is void, must be ruled against them. The right of the directors of a bank, in failing circumstances, to make an assignment for the benefit of creditors, where there is nothing in the charter or general laws forbidding it,

we think, is clear." This position is abundantly sup-ported by numerous authorities elsewhere, and among them may be cited, *Dana v. Bank of United States*, 5 W. & S. [Pa.] 223 ; *De Camp v. Alward*, 52 Ind. 468 ; *Union Bank v. Elliott*, 6 Gill & J. [Md.] 363 ; Burrill on Assignments, sec. 64 ; Ang. & Ames on Corp., sec. 191 ; Morawetz's Priv. Corp., sec. 240 ; and many others to the same effect might be added, if necessary. The directors of such corporations are, it is true, agents appointed to manage the business in which the stock-holders have embarked, and the desirability or advisa-bility of continuing or discontinuing the business, are questions, it is true, for the shareholders, or a majority of them, and not for their agents. They have no power, it is said, to dissolve the corporation, or inflict upon it political death. But the insolvency of such a corporation, without new action, and subscription and contribution of new capital by the shareholders, itself defeats the purpose and object of the corporation, and the stockholders have no interest in the assets, which, in that event, equitably belong to the creditors, and the fiduciary relation of the directors, in that event, is no longer to the stockholders, who are without beneficial interests in assets, insufficient to pay the debts of the corporation, but to the creditors, whose equitable rights have intervened, and whose equitable lien attaches thereon. Morawetz Priv. Corp., secs. 578-9.

In *Chew v. Ellingwood, supra*, this court further say, that "many of the authorities cited go to the extent of saying that, under such circumstances, the directors not only have the right, but that, in justice, they ought to make an assignment, so that creditors might share equally in its assets. Indeed, under constitution and laws which make it a felony for directors and officers of a bank to receive deposits, knowing it to be in failing circumstances, it would seem to leave them no other alternative but to close its doors." We think we may,

without further discussion, rest our conclusion upon these authorities in favor of their right to so assign, in good faith, equally for all creditors, under the facts of this petition, as we understand them to be.

And, further, we think, it may well be questioned whether the plaintiff, upon his own showing, has seasonably begun his action in this behalf. At the date of the institution of the suit, the assignee had been in charge of the property for about four years, during which time he must be presumed to have been engaged, as the law requires, in execution of his trust, making exhibits of accounts, auditing and allowing the same, incurring costs and expenses, such as are incident to the execution of such trusts, and, perhaps, in paying dividends on the claims of creditors. Nothing is alleged, by way of disability or want of knowledge in the premises, or otherwise, showing excuse for so much delay, and, as plaintiff is a creditor, protected as such, equally with all others, under said assignment, we cannot see that his attitude as stockholder, not consenting thereto, and invoking the doctrine of *ultra vires*, after the lapse of so much time, is a meritorious one.

We are, also, earnestly asked to review our ruling, in *Eppright v. Nickerson*, 78 Mo. 482, as to the sufficiency of the signing and acknowledgment of the said deed of assignment; but we see no good reason to change the views, in that behalf, expressed in that case, and in the case of the *City of Kansas v. Railroad*, 77 Mo. 180, to which reference is there made.

For these reasons the judgment of the trial court, which was for the defendants, should be, and is, hereby affirmed. All concur; Sherwood, J., in the result.