STATE OF MISSOURI, Respondent, v. HUBERT SATCHWELL, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Criminal Law**: ABANDONMENT OF WIFE: EVIDENCE. On a prosecution against defendant for criminal abandonment of his wife, it was reversible error to exclude evidence offered on his part tending to show that his wife was an habitual drunkard, in order to furnish a ground for separation and divorce under the statute.

2. ———: ———: EVIDENCE: ONUS. It is incumbent upon the state, on such prosecution, not only to make out a case of willful abandonment, but it must give affirmative evidence of want of good cause. A defendant can not be held guilty of criminal abandonment who has any cause for leaving his wife which is sufficient in law.

*Appeal from the St. Louis Court of Criminal Correction.*— HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*Frank A. C. MacManus* and *William McNamee* for respondent.

In this case the state fails to show convincingly that defendant left the prosecuting witness wholly without means, or in a destitute condition. *State v. Fuchs*, 17 Mo. App. 460, 461.

Evidence of mere abandonment and a subsequent failure and refusal of support does not prove the criminal offense denounced by the statute. *State v. Greenup*, 30 Mo. App. 303; *State v. Schar*, 50 Mo. 393; *State v. Brinkman*, 40 Mo. App. 284; *State v. Weber*, 48 *Id.* 500.

The motion for new trial, on the ground of newly discovered evidence, should have been sustained. *State v. Baily*, 94 Mo. 315; *State v. Murray*, 91 *Id.* 104.

The state failed to show any criminal intent on the part of defendant. *State v. Buyer*, 44 Mo. App. 393.

No brief filed for respondent.

ROMBAUER, P. J.—The defendant was convicted of the offense of abandoning his wife, and sentenced to pay a fine of $250. He appeals and assigns for error, among other things, the exclusion by the court of legal evidence offered in his behalf.

Section 3501 of the Revised Statutes, under which the prosecution is had, provides: "If any man shall *without good cause* abandon or desert his wife    *    *    * *and* shall fail, neglect, or refuse to maintain and provide for such wife    *    *    *    he shall upon conviction, etc." (The italics are ours.)

This section has been before us for construction in a number of cases. In *State v. Fuchs*, 17 Mo. App. 450, we decided that to constitute an offense under the statute *willful* abandonment and failure to support must concur. In *State v. Greenup*, 30 Mo. App. 299, we decided that evidence of a mere abandonment, and a subsequent failure and refusal of support, does not prove the criminal offense denounced by the statute. The state must further show that the defendant had not good cause for the abandonment. The state must show this

CRIMINAL abandonment of wife: evidence.

although it involves the necessity of proving a negative, for the rule in this state even in civil cases is that where the plaintiff grounds his right of action in a negative averment, and the proof of the affirmative is not peculiarly within the knowledge and power of the defendant, the establishment of the negative is an essential element of the plaintiff's case. We reaffirmed this view in *State v. Brinkman*, 40 Mo. App. 284.

In the case at bar the state gave evidence tending to show that the defendant abandoned his wife because he claimed he detected her in an act of criminal intimacy with another man, and that such claim was not well founded. The state also gave evidence tending to show that the defendant had failed to do anything for the support of his wife since the abandonment, but failed to give any evidence of his ability to support her, or as to his earnings. The abandonment occurred in December, 1895, and the prosecution was instituted on February 26, 1896. The defendant gave evidence tending to show that the charge of infidelity made by him against his wife was true; that when he left her, he left her in possession of furniture worth $500, and that his entire earnings since the date of abandonment amounted to little over $50, out of which he had paid an indebtedness of $13. While the weight of the evidence on the question of infidelity was with the defendant, and the plaintiff's case on the abandonment *without cause* rested on very meager evidence, we would not be justified to reverse the case on that ground, as no instructions were given or refused, and the weight of the evidence is not for our consideration.

But we are clearly of opinion that the court erred in excluding evidence offered on part of defendant and tending to show that his wife was an habitual drunkard, so as to furnish a ground for separation and divorce under the statute. The court first admitted

this class of evidence, but afterward struck it out on the ground of irrelevancy, assigning as a reason for its ruling that because the defendant had stated that he had left his wife on account of her marital infidelity, he can not assign a new cause for leaving her in defense of the action.

There are no pleadings in this case outside of the information. It is incumbent upon the state not only to make out the willful desertion, but as EVIDENCE: burden of proof. above seen it must give affirmative evidence of want of *good cause*. The defendant's liability does not depend on the fact whether the cause assigned by him for the abandonment was good cause, but on the fact *whether any good cause existed for it*, and we can not see on what theory he can be prevented from showing this. If he had any cause for leaving his wife which is sufficient in law, he can not be held guilty of the offense of criminal abandonment.

As we remand the cause for new trial for error in the exclusion of evidence, it is needless to determine whether the court should have granted a new trial on the ground of newly discovered evidence.

Judgment reversed and cause remanded. All the judges concur.