WEBB & COMPANY, Appellants, v. MIDWAY LUMBER COMPANY *et al.*, Respondents.

Kansas City Court of Appeals, December 14, 1896, and February 1, 1897.

1. **Statutory Construction:** REPEALS: INCONSISTENT PROVISIONS. Where two statutes specifically prescribe two wholly different modes of doing a particular thing, the subsequent statute repeals the former.

2. **Corporations:** DIRECTORY: ASSIGNMENTS. Where the law of a state requires a quorum of directors to be composed of the majority of the whole board, an order by less than a majority of the board is invalid and of no effect and a deed of assignment executed under such order is noneffective, since the president and secretary of the corporation can not make such deed unless duly authorized thereto.

3. ——: ——: ——. While the board of directors of an insolvent corporation have the power to make an assignment for the benefit of creditors and it is their moral duty to do so even against the consent of the stockholders, yet such assignment must be by authority of the board of directors.

4. Creditor's Bill: GENERAL CREDITOR: ORDINARY PROCESS. Where a defendant is a nonresident or has absconded so that a personal judgment can not be had and his property can not be reached by the ordinary process, a creditor's bill will lie without the necessity of first reducing the demand to judgment and issuing execution, since there is no other adequate remedy.

5; Corporations: ASSIGNMENTS: OUT OF THE STATE. Where the law requires the meeting of stockholders must be in their home state, a deed of assignment executed under an order made by less than a quorum of the directors at a meeting in another state, though such directors were a majority of the stockholders, is ineffective and conveys nothing.

6. ——: TRUST FUND: DILIGENCE. The fact that the assets of an insolvent corporation are a trust fund for all the creditors, will not prevent a diligent creditor by proper resort to the courts from securing a priority.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

REVERSED AND REMANDED.

*J. W. Jenkins* and *J. B. Hamner* for appellants.

(1) Under the law of Kansas passed in 1868, said proceedings were all that was required to effect such change in the charter. Gen. Stat. of Kan., 1889, par. 1169. But in 1886, the legislature of Kansas amended the law in that regard and provided that it could be done only by filing with the secretary of state an amended charter, subscribed by the directors and acknowledged by not less than three of them, which should be "recorded in the same manner and with like effect as now provided in cases of original charters." Laws of Kansas, 1886, chap. 62, sec. 1; Gen. Stat. of

Kan., 1889, par. 1162. This act of 1886 repealed the act of 1868, necessarily, and has been so held by the district courts of Kansas, but never was passed upon by the supreme court. An original charter has no validity until so filed with the secretary of state. Gen. Stat. of Kan. par. 1166; *Railroad v. Towner*, 41 Kan. 72 (78); *Railroad v. Tiernan*, 37 Kan. 606 (629); Gen. Stat. Kan., par. 1174. (2) The trial court in its opinion said, in regard to the making of the assignment: "Now they (the directors) may not have had the right to do that (make the assignment) but if they did not, no one has a right to say that they did not, except the absent shareholders or an absent director." This is not the law, and a deed by the president, or president and secretary without a resolution of the board of directors, conveys no title. *Bank v. Loan Co.*, 14 Wis. 325; *Hutchison v. Green*, 91 Mo. *loc. cit.* 375; *Hyde v. Larkin*, 35 Mo. App. 365. (3) A creditor who has no adequate remedy at law and has to bring his suit in equity to set aside a conveyance that is valid on its face, yet void in fact and law, can maintain his bill, even though his claim is not adjudicated, where the defendant is a nonresident and has no other property except that conveyed, for the reason that the law does not require vain and useless things, and that when equity once attaches and obtains jurisdiction for any purpose, it will proceed with the whole case and decide upon its merits, although some questions standing alone would furnish no basis of equitable jurisdiction. *Keeton v. Spaulding*, 13 Mo. 321; *Rozier v. Griffith*, 31 Mo. 171; *Corby v. Bean*, 44 Mo. 379; *McDaniel v. Lee*, 37 Mo. 204; *Primm v. Raboteau*, 56 Mo. 407; *Savings Inst. v. Collonious*, 63 Mo. 295; *Clem v. Ins. Co.*, 29 Mo. App. 675; Bispham's Eq. [5 Ed.], p. 58; *Scott v. McMillan*, 1 Littel, 302; *Kippen v. Glancy*, 2 Blackf. 356; *Peay v. Executors*, 10 Grattan, 149; *Farrar v.*

*Hazelden,* 9 Rich, Eq. 331; *Greenway v. Thomas,* 14 Ill. 272; *Pope v. Solomon,* 36 Ga. 541; *O'Brien v. Coulter,* 2 Blackf. 421; *Russell v. Clark's Heirs,* 7 Cranch, 89; *Heath v. Page,* 63 Pa. St. 124; *Luthy v. Woods,* 1 Mo. App. 167; *Beal v. McVicker,* 3 Mo. App. 592; *Pickens v. Dorris,* 20 Mo. App. 5; *State ex rel. v. Netherton,* 26 Mo. App. 415; *City v. Kean,* 27 Mo. App. 642; *City v. Lumber Co.,* 42 Mo. App. 586; *Merry v. Freeman,* 4 Mo. 518; *Pendleton v. Perkins,* 49 Mo. 565; *Lyons v. Murray,* 95 Mo. 23. And this doctrine is not controverted by *Kent v. Curtis,* 4 Mo. App. 121.

*Gerson B. Silverman* and *Edwin F. Weil* for respondents.

(1) As to directors: *Eppright v. Nickerson,* 78 Mo. 482; Wait, Insolv. Corp., chap. 8, pp. 133–144. (2) As to construction of statutes. *Ex parte Joffee,* 46 Mo. App. 360; *State v. Daly,* 49 Mo. App. 184; *State v. Green,* 87 Mo. 583; *Mauker v. Faulh,* 94 Mo. 430; *R'y v. Shambaugh,* 106 Mo. 557; *State ex rel. v. Convent,* 116 Mo. 575; *State ex rel. v. Walb,* 119 Mo. 383; *Gardenshire v. Mitchell,* 21 Kan. 88; *State v. Bancroft,* 22 Kan. 211; *Burgess v. Railroad,* 18 Kan. 53. (3) Even though, for the sake of argument, say that appellant's contention is correct, yet the Midway Lumber Company at the time of the making of the deed of assignment had but four stockholders, three of whom were directors, holding a majority of the stock, and these three directors were present at the time of the execution of the deed of assignment, and authorized it, and hence it was the act of the corporation. *Luse v. Ames,* 104 Mo. 92; *Descomb v. Wood,* 91 Mo. 196; *Hax v. Mill Co.,* 39 Mo. App. 453; *Foster v. Mill Co.,* 92 Mo. 79; *Campbell v. Pope,* 96 Mo. 466; *Hutchinson v. Green,* 91 Mo. 367.

ELLISON, J.—The defendant, Midway Lumber Company, a corporation organized under the laws of Kansas, in 1891 made an assignment for the benefit of its creditors. The plaintiff is a creditor of such corporation and attacks the validity of the assignment. The judgment below was for defendants.

The charter of said corporation was duly filed with the secretary of state of the state of Kansas, as provided by the law of that state. At a meeting of the stockholders of such corporation, in 1892, STATEMENT. the number of directors was ordered, by a resolution, to be reduced from six to three, and the secretary instructed to file with the secretary of state, at the state capitol, his affidavit, showing the change in the number of directors, which the secretary did. When there proceedings were had, Joseph Lorie and Adam Hogg were president and secretary of the corporation, and had been since its organization. In 1894, a meeting composed of three directors (the directory as reduced) was held, at which M. V. Ingram and C. S. Griffin were elected president and secretary of the corporation. At another meeting of the three directors, the president and secretary were ordered to make the deed of assignment for the benefit of creditors now in question. By the law of the state of Kansas, passed in 1868, and amended in 1872, a corporation had the power "to increase or diminish by a vote of its stockholders, cast as its by-laws may direct, the number of its directors or trustees, to be not less than three nor more than twenty-four, and may in like manner change its corporate name, without in anywise affecting its rights, privileges, or liabilities." "Such change of name, or number of directors or trustees, shall take effect and be in force from the date at which the presi-

dent or secretary of the corporation shall file with the secretary of state an affidavit, setting forth the name adopted, or the number of directors or trustees fixed, together with the date at which such change in name or number of directors or trustees was voted by the stockholders of such corporation."

In 1886 the legislature of Kansas amended the laws of corporations by enacting the following statute as to changing or amending charters and the manner of proceeding therein in order for the change to become effective:

"That the corporate name of every corporation hereafter organized (except banks and corporations not for pecuniary profit) shall commence with the word "the" and end with the word "corporation," "company," "association," or "society," and shall indicate by its corporate name the business to be carried on by said corporation; and any corporation organized or existing under the provisions of this act, may, within the limits of this act, amend its charter in any of the parts thereof; but in any such case, such charter shall be so amended only when authorized by a two thirds vote of the stockholders of such corporation, at a meeting held in conformity with the by-laws thereof; and as so amended such charter shall be subscribed by the directors or trustees thereof, and acknowledged by not less than three thereof, who shall be citizens of this state, before an officer duly authorized to take acknowledgments of deeds, and thereupon filed and recorded in the same manner, and with like effect, as now provided in cases of original charters under provisions of this act."

The change made in this case from six to three directors was in 1892, as before stated, and was, therefore, after the enactment of the statute last quoted, and the question is, does the latter statute repeal the for-

mer.    We are of the opinion that it does.

STATUTORY construction: repeal: inconsistent provisions.

It will be noticed that under the former law, in order for the change to become effective, the president or secretary must file an affidavit with the secretary of state, setting forth the number of directors adopted and the date.    While in the latter statute, there can be no change or amendment of the charter, except by a vote of two thirds of the stockholders; and that the charter, as amended, shall be subscribed and acknowledged by the directors, and thereupon filed with the secretary of state and recorded by him, as provided for original charters.    It seems to us evident that the latter statute supplants the former, and was so intended by the legislature.    There are two wholly different modes specifically prescribing how the charters of corporations, like the one here, might be changed or amended. · A change as prescribed by the former statute, by no means meets the requirements of the latter.

The effect of this view of the statute is to hold that the directory of the defendant corporation was legally composed of six persons.    And as it is one of the provisions of the statute of Kansas that a quorum is composed of a majority of the whole board, it

CORPORATIONS: directory: assignments.

follows that since the meeting of the directory, which ordered the assignment in question, was composed only of three members, the order was invalid and of no effect.    But the fact remains that the president and secretary (elected as stated above) did execute the deed of assignment.    We think, however, their action was noneffective.    The president or secretary of a corporation can not make an assignment by conveying its assets for the benefit of creditors, unless duly authorized by the board of directors.    *Hutchison v. Green*, 91 Mo. 367; *Hyde v. Larkin*, 35 Mo. App. 365.

The result of the foregoing is that we hold the deed of assignment to be void, and the judgment will be reversed and cause remanded. All concur.

ON REHEARING.

ELLISON, J.—It is now contended that only stockholders can object to the assignment made in this case. We are cited to the case of *Eppright v. Nickerson*, 78 Mo. 482, as sustaining this view. It is there, in effect, said that an assignment made by the directors of a corporation without the consent of the stockholders was void, but only as to the stockholders. In other words, the stockholders were the only ones who could avoid such an assignment. Instead of this case having been affirmed, as contended by counsel, it has been disregarded and overruled. *Chew v. Ellingwood*, 86 Mo. 260; *Descomb v. Wood*, 91 Mo. 196. It is now the rule that the board of directors may not only make an assignment for the benefit of creditors without the consent of the stockholders, but it is rather their duty to do so when the corporation is insolvent. And, in such case, they may do so even against the consent of the stockholders. *Hutchison v. Green*, 91 Mo. 367. So that in so far as that point is concerned there is no objection to plaintiff having the right, as a creditor, to question the assignment. Whether plaintiff is the proper kind of creditor to interfere we will see further on.

While the board of directors of an insolvent corporation have the power to make an assignment for the benefit of creditors, and while it is at least their moral duty to do so, yet when an assignment is made it must be the act of the board. No unauthorized act of individuals can be claimed as a conveyance of the corporate property. In the case at bar, as was shown

in the original opinion, the deed was not made by authority of the board of directors. The body having power to make a deed of assignment never acted; so that all argument as to the power or duty of a board of directors falls to the ground.

II. It is urged that plaintiff is a mere general or open creditor, his demand never having been reduced to judgment and therefore he is without right to interfere. That is the general rule. But we must look to the peculiar facts of this case. We will there find that the corporation is an insolvent nonresident corporation. That it has no property in this state subject to execution. That under the pretended assignment this defendant, Hey, was made assignee, and that he holds the moneys of the corporation subject to the supervision and disposal of the court. That plaintiff is a general creditor of such corporation, who has instituted his action in equity wherein he sets up the foregoing facts and wherein he asks that he may have judgment for the sums due him, and that said judgment be declared a lien on the funds held by the defendant, Hey, and the said Hey ordered to pay over to him in satisfaction of the amount found due him if the defendant have sufficient funds, if not as far as they will reach to that end. Under such circumstances plaintiff ought to prevail.

It may be stated to be the law, that where the debtor is a nonresident, or has absconded, so that a personal judgment can not be had and he has no property which can be reached by the ordinary, or a statutory process, a creditors' bill will lie without the necessity of first reducing the demand to judgment and issuing execution. In such state of case a judgment and an execution returned *nulla bona* would be useless. Judge Bliss, in his usual lucid and careful manner,

*CREDITORS' bill: general creditor; ordinary process.*

after an examination of the authorities, asserts such to be the law. *Pendleton v. Perkins*, 49 Mo. 565. And so it is stated in *Humphreys v. Milling Co.*, 98 Mo. 542. And in such case it is not necessary to show an actual fraud or actual attempt to defraud. The theory upon which the relief is granted, is that no other remedy is adequate in the circumstances under which the creditor finds himself placed. And the fact that the funds which he seeks to subject to his debt are beyond the reach of ordinary legal process, statutory or otherwise, adds to the necessity of allowing him to proceed as has this plaintiff. The funds in controversy here held by the assignee under the control, or at least the supervision, of the court, can not be reached as in ordinary cases and save by the mode here fallen upon by this plaintiff, sometimes denominated an equitable garnishment, there is no other adequate remedy.

III. It has been further suggested that the three directors who assumed to act in the matter of this assignment composed a majority but not all of the stockholders, and therefore the assignment ordered by them should be held valid. The corporation, as before stated, was a corporation of the state of Kansas, and while the directors, being mere agents, may meet and transact business in places under the jurisdiction of other governments, where such governments do not forbid it, yet action by the corporate body itself, that is, the shareholders, must be had in the state under which it is organized, at least unless all consent to the meeting outside. 1 Morawetz on Private Corp., secs. 488, 533; Taylor on Private Corp., secs. 381, 382; *Miller v. Ewer*, 27 Me. 509; *Franco-Texan L. Co. v. Laigle*, 59 Texas, 339. And this we understand to be conceded by our supreme court, in *Missouri Lead, etc., Co. v. Reinhard*, 114 Mo. 219. See, also, *Camp v.*

*CORPORATIONS: stockholders: assignments: out of state.*

*Byrne*, 41 Mo. 525. So, therefore, we hold that a consideration that the three directors ordering the assignment composed a majority of the stockholders (if it otherwise would have been sufficient) will not make the deed effective.

IV. Again it is argued that the assets of an insolvent corporation are a trust fund for the benefit of all the creditors. In a sense this is true. But creditors of an insolvent corporation like creditors of ——: trust fund: an individual, may suffer from the superior diligence. diligence of one of their number, for it is held that such a corporation may make a preference of creditors. *Alberger v. Bank*, 123 Mo. 313; *Milling Co. v. Commission Co.*, 128 Mo. 473. If a corporation in such condition may prefer a creditor to the loss of the other creditors, why may not a creditor who has been quick to assert his right to resort to the courts have the benefit of his priority in time. It has been so held in this state. *City of St. Louis v. Keane*, 27 Mo. App. 642. The law maxim of *"vigilantibus non dormientibus jura subveniunt"* is followed by the kindred one in equity, *"vigilantibus non dormientibus equitas subvenit."* So there is no reason why plaintiff should not have these well recognized maxims in jurisprudence applied to his benefit.

The judgment will be reversed and the cause remanded. All concur, except SMITH, P. J., who dissents.