THE STATE OF MISSOURI, Respondent, v. CHARLES WILLIAMS, Appellant.

Kansas City Court of Appeals, March 1, 1909.

1. CRIMINAL LAW: Wife Abandonment: Good Cause: Burden of Proof. In a prosecution for wife abandonment the burden is on the State to show not only abandonment but also want of good cause therefor.

2. ———: ———: ———: Evidence. The State is not necessarily confined to direct evidence of the want of good cause but may resort to circumstantial evidence; and the evidence in the record is held sufficient to send that question to the jury.

3. ———: ———: ———: Definitions. "Good cause" means such a cause as will authorize a decree of divorce in favor of the husband against the wife.

4. ———: ———: ———: Failure to Support. The evidence is reviewed and held sufficient to sustain a conviction on the ground of want of support.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Calfee & Eubanks* and *Wattenbarger & Bingham* for appellant.

(1) The wilful abandonment and failure to support must concur, as they are used conjunctively and not disjunctively in the statute. (2) In a prosecution for wife abandonment there can be no conviction where the evidence for the prosecution shows that at the date of the information the wife, although abandoned by the defendant, was living upon his means. State v. Fuchs, 17 Mo. App. 458. (3) There is no evidence which shows the wife was without any means of support on the day of her death or in fact without a home. State v. Fuchs, 17 Mo. App. 461. (4) Evidence of an abandonment and refusal to provide are not sufficient, without a satisfactory showing that there was no good cause. The State is·bound to prove that no good cause exists in order to sustain a conviction of a criminal charge. State v. Greenup, 30 Mo. App. 299; State v. Brinkman, 40 Mo. App. 284; State v. Doyle, 68 Mo. App. 219; State v. Bruening, 60 Mo. App. 51; State v. Miller, 90 Mo. App. 131. (5) There was no proof of a subsequent failure and refusal to support the deceased wife on part of defendant. (6) The State must go even further than this and show that the defendant had not good cause for leaving his wife, although it requires the proof of a negative. State v. Satchwell, 68 Mo. App. 39.

*Scarritt, Scarritt & Jones* for respondent.

BROADDUS, P. J.—The defendant was tried and convicted on information of the prosecuting attorney for wife abandonment. From the judgment of conviction he appealed.

136 App—20

He was married to Nora Butler on the 11th day of February, 1907, and for some cause unexplained left her the next day, but returned in a short time, when they became reconciled to each other and went to live with his parents. For a few months he was engaged as a farm hand in the employ of M. C. Stone, a neighbor. The evidence is that the husband and wife lived together until the time of the alleged abandonment and there was nothing shown to indicate that there was any trouble between them. During the time defendant provided for his wife a home and the usual necessities for her support.

On May 26, 1907, the defendant telephoned to a liveryman at Milan to bring a team out to his father's house, where he was staying, for the purpose of taking his wife and himself to Milan. He and his wife went to Milan and stayed all night at a hotel and nothing unusual was shown to have transpired between them. The next morning, the wife telephoned to her father to come for them as they were going to make him a visit.

The defendant was last seen with the wife on the streets of the town, but it seems that they became separated sometime in the forenoon. After a while, the wife began a search for him, but failed to find him. The constable of the place, who was assisting the wife in her search, ascertained and reported that defendant had about the middle of the forenoon procured a livery team and driven to Reger, a railroad station about six miles distant and taken the west-bound train for Oklahoma. On his way to Reger, defendant told the driver of the vehicle that he was leaving his wife. He wrote a letter before he left to Mr. Stone, by whom he was employed, in which he said that he was sorry to leave at that time, "but he was going to leave and was gone." This letter was delivered the day that defendant left the country. At different times while defendant was working for Stone, he expressed the intention of leav-

ing his wife and on one occasion said to him that he had no use for a wife. On the day defendant left his wife, she was found dead on the streets of Milan with fifty cents only in her handbag. Defendant after several months' absence returned and was arrested and held for trial.

The defendant asks a reversal of the judgment on two grounds, viz.: First, that the evidence does not show that defendant wilfully abandoned his wife without good cause. Second, that it does not show that he failed to provide for her support.

As to the first, "It is incumbent upon the State . . . not only to make out a case of wilful abandonment, but it must give affirmative evidence of want of good cause. A defendant cannot be held guilty of criminal abandonment who has cause for leaving his wife." [State v. Satchwell, 68 Mo. App. 39.] That cause was reversed for error of the court in excluding evidence offered on the part of defendant tending to show that his wife was an habitual drunkard, in order to show good cause for separation and divorce under the statute.

There is no doubt but that in such cases the statute requires affirmative proof that the abandonment was without good cause. But we assume that it will not be denied that such affirmative proof may consist of circumstantial as well as direct evidence. Even in the prosecutions for the greatest crimes, the State is sometimes compelled for want of direct and positive proof to resort to that which is circumstantial in its character in order to show guilt, and convictions secured by such evidence are upheld. There is a want of positive or direct testimony in this case, that defendant's abandonment of his wife was without just cause, yet we believe that the circumstances attending the abandonment do show that it was without such cause.

His leaving his wife the next day after the marriage without any apparent excuse for so doing is un-

explained. His return to her in a short time thereafter and living with and providing for her indicate that, whatever objection he may have had to living with her, he had overlooked for the time being at least. The record does not disclose that there was any disagreement between the husband and wife after they came together and were living at his father's home, or that the wife had been guilty of any offense that in law would justify his leaving her. The mere absence of any showing derogatory to the conduct of the wife will not sustain the charge of wilful abandonment without cause; but, taken in connection with the statement of defendant that he had no use for a wife, and the clandestine manner in which he deserted her after their arrival, and cohabitation at hotel at Milan, we believe goes to show affirmatively that the abandonment was without justification. If defendant conceived that he had good cause for abandoning his wife, why was it necessary to induce her to believe that he was going to take her on a visit to her father? We must apply to him the same rule of conduct that would have been pursued by an ordinary man under such circumstances. An ordinary man, under such circumstances, if he had any cause of complaint, would have acted differently. He would have attempted at least to justify the course he intended and was then about to enter upon. We cannot see how any man could act otherwise unless he felt there was no excuse or justification of his conduct. The term, "without good cause," means such a cause as will authorize a decree of divorce in favor of the husband as against the wife. There is no pretence that the wife was guilty of any violation of the marital relation, which we think was also a matter that the jury might well have considered on the question.

As to the second ground of defense, up to the day of defendant's leaving his wife in the town of Milan, the evidence shows that he furnished her with

the means of support at the home of his father. But it is evident that his inducing her to leave there under the pretext of making a .visit to her father and the clandestine manner in which he abandoned her at Milan without money show the purpose of defendant was to set her adrift without a home and no means of support other than what she might receive from the charity of others. So far as he was concerned, he made no provision whatever for her future support.

The wife dies upon the streets of Milan, from what cause the evidence does not disclose, and perhaps it was not material that it should. The facts that do appear, however, show the abandonment by defendant of his wife was not only wilful, but cruel and without lawful justification.

Affirmed. All concur.